IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHAN DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-825-D |
| | ) | |
| M.A.R.S., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, in the Alternative, Motion to Strike Certain Affirmative Defenses [Doc. No. 9]. Defendant has not responded to the motion and the time for doing so has passed. Therefore, pursuant to LcvR 7.1(g) the Court may, in its discretion, deem the motion confessed.

**I.    Governing Standard**

Plaintiff has moved under both Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure. The Court, however, will construe the motion as a motion to strike Defendant's affirmative defenses under Fed. R. Civ. P. 12(f).[1]

---

[1]As one court has aptly explained:

> A Rule 12(c) motion for judgment on the pleadings is more appropriately resolved where 'all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.' 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 208 (3d ed.2004). On the other hand, a Rule 12(f) motion to strike is more fitting for situations, such as the one presented, where a plaintiff challenges only some of the defenses raised in a defendant's pleading. *Id*. § 1369 at 260 (noting that Rule 12(f) 'serves as a pruning device to eliminate objectionable matter from an opponent's pleadings and, unlike the Rule 12(c) procedure, it is not directed at gaining a final judgment on the merits').

*Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 335 (D. Md. 2012).

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Under Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances. *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D.Okla.1987)."On a motion to strike affirmative defenses, the Court must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense. If a defense raises such a question, then the motion to strike is improper and the issue must be decided subsequently on the merits, when more information is available." *Id*. While motions to strike are a drastic remedy and, therefore, generally disfavored by courts, it is within a court's discretion whether to grant them. *Id*., *see also Sierra Club v. Tri–State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo.1997).

**II.     Discussion**

    **A.     Second Affirmative Defense – Injunctive or Declaratory Relief**

Plaintiff moves to strike the Second Affirmative Defense which states succinctly: "Plaintiff is not entitled to injunctive or declaratory relief." *See* Answer [Doc. No. 8] at ECF p. 9. Plaintiff does not bring any claim for injunctive or declaratory relief and expressly acknowledges the same in moving to strike the Second Affirmative Defense. *See* Plaintiff's Motion at p. 8. Therefore, the Second Affirmative Defense is stricken as insufficient, immaterial and impertinent.

### B. Seventh, Ninth and Eleventh Affirmative Defenses Arising Under the Telephone Consumer Protection Act

Plaintiff additionally moves to strike Defendant's Seventh, Ninth and Eleventh Affirmative Defenses on grounds these affirmative defenses arise under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff has not brought claims against Defendant pursuant to the TCPA. Instead, Plaintiff's single cause of action alleges a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Accordingly, the Court strikes the Defendant's Seventh, Ninth and Eleventh Affirmative Defenses as insufficient defenses that are also immaterial and impertinent.

### C. Tenth Affirmative Defense – Statute of Limitations

The face of Plaintiff's Complaint clearly identifies that the wrongs complained of occurred in January and February 2014. As Plaintiff correctly states, a one year period of limitations governs claims brought under the FDCPA. *See* 15 U.S.C. § 1692k(d) (a claim for relief under the FDCPA must be brought "within one year from the date on which the violation occurs"). Plaintiff filed his complaint on August 5, 2014. Based on the allegations of the Complaint and Defendant's failure to respond to Plaintiff's motion to strike thereby permitting the Court to find the matter confessed, the Court finds the Tenth Affirmative Defense should be stricken.

### D. First, Third and Fourth Affirmative Defenses

Plaintiff moves to strike the First, Third and Fourth Affirmative Defenses on grounds Defendant has failed to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The First Affirmative Defense is failure to state a claim upon which relief may be granted. The Third Affirmative Defenses addresses issues of causation. And the Fourth Affirmative Defense is based on issues of authority to act.

The Federal Rules of Civil Procedure require a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it" and to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b) and (c). The Tenth Circuit has not addressed whether the pleading standards announced in *Twombly* and *Iqbal* apply to affirmative defenses. The federal district courts within the Tenth Circuit have reached diverging views on the issue. *Compare Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (holding that the *Twombly / Iqbal* standard is applicable to affirmative defenses); *with Wells v. Hi Country Auto Group*, 982 F. Supp.2d 1261, 1264 (D. N.M. 2013) (declining to apply pleading standard of *Twombly / Iqbal* to affirmative defenses). As addressed in Plaintiff's motion, the courts within this judicial district have also reached opposite conclusions on the issue.

This Court finds it unnecessary to decide the issue at this time. Even if the Court were to apply *Twombly* and *Iqbal*, the Court concludes that the First, Third and Fourth Affirmative Defenses are sufficient and should not be stricken. Because Plaintiff brings only one claim, the affirmative defense of failure to state a claim is sufficiently pled. The basis for that defense is elucidated when viewed in conjunction with the other affirmative defenses raised and the allegations of the Complaint which are necessarily incorporated into the Defendant's recitation of affirmative defenses. For these same reasons, Plaintiff has sufficient notice of a plausible basis for the Third and Fourth Affirmative Defenses. Therefore, Plaintiff's First, Third and Fourth Affirmative Defense should not be stricken.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike is GRANTED as to Defendant's Second, Seventh, Ninth, Tenth and Eleventh Affirmative Defenses.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is DENIED as to Defendant's First, Third and Fourth Affirmative Defenses.

IT IS SO ORDERED this 4th day of November, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE